THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EUGENIO PERIERA                    :
AMANDIO DIAS                       :
                                   :
              Plaintiffs           :
      v.                           :     3:09-CV-1024
                                   :     (JUDGE MARIANI)
RAYMOND LIZZIO                     :
DAVID ALLEN                        :
                                   :
              Defendants           :

## MEMORANDUM OPINION

### I.  Introduction

Judge Vanaskie previously dismissed Counts I and V from the case, thereby dismissing Defendants Isabella and the Pennsylvania Game Commission and leaving only Allen and Lizzio as defendants in the case. (Doc. 23). Before the Court is Defendants' Motion for Partial Summary Judgment on Counts III and VI-X. (Doc. 55). For the reasons set forth below, the Court will grant it in part and deny it in part and also dismiss Plaintiff Periera as a party to the case.

### II.  Statement of Facts

On December 4, 2008, Plaintiff Periera brought to a weigh station a bear that he claimed to have killed the previous night. (Sussenbach test., Doc. 58, Ex. A, 4:13-5:22; 6:8-23; 7:11-14). According to Periera, Plaintiff Dias helped him remove the bear from the woods and they took it to Dias's house before taking it to the weigh station together.

(Periera Dep., Doc. 58, Ex. B, 28:14-29:17). The officer at the station, Peter Sussenbach,

did not believe Periera's statements that he had shot the bear with his rifle, then a .32

caliber gun upon discovering the bear was still alive, and that another hunter came from

behind him and shot it with a 9-mm pistol. (Sussenbach test., Doc. 58, Ex. A, 11:13-15;

Periera test., Doc. 58, Ex. A, 44:5-24). Periera was then instructed to go to the Penn Forest

Township building to meet with Defendants Allen and Lizzio, Wildlife Conservation Officers.

(Periera Dep., Doc. 58, Ex. B, 33:22-25). Before meeting with Allen and Lizzio, Periera

dropped Dias off at Dias's home. (*Id.* at 34:16-21). After going to the township building to

meet with Allen and Lizzio, Periera attempted to find the location of the bear kill for them in

the game lands but could not. Thereafter, the officers told him to take them to Dias's house.

(*Id.* at 41:25-42:19).

Once at the house, Defendants directed Periera to open the door after no one

responded to his knocks. Periera claimed that he did not have a key, but Defendants

threatened to "lock [him] up" if he did not open the door. (*Id.* at 50:24-25; 51:25-52:1).

Plaintiff claims that in compliance with their orders, he broke into the house for them. (*Id.* at

52:1-8). Once inside, Plaintiff claims that Defendant Allen backed him into two different

corners while Defendant Lizzio searched for weapons and evidence of illegal game hunting.

While Plaintiff was cornered, Defendant placed his left hand on Plaintiff's chest, right hand

on top of his gun, and stated, "Don't move." (*Id.* at 54:19-55:3; 56:13-57:10). After a search

of each room, Plaintiff was allowed to walk about freely while following Allen and Lizzio

throughout the house. (*Id.* at 54:14-16; 55:21-56:7). Plaintiff was no longer armed with his gun because he had left it at home before the three had gone to Dias's house. (*Id.* at 55:10-19). Defendants dispute this version of events, but adopt Periera's statements for the purposes of their motion only.

Ultimately, Periera was convicted in the Court of Common Pleas of Carbon County of illegally killing the bear and Dias was found not guilty of illegally killing a deer that was found at his house.

### III. Standard of Review on Motions for Summary Judgment

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact." FED. R. CIV. P. 56(a). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "As to materiality, ... [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l*

3

*Wildlife Fed'n*, 497 U.S. 871, 888 (1990). "Inferences should be drawn in the light most

favorable to the non-moving party, and where the non-moving party's evidence contradicts

the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW*

*of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912 (1993).

## IV. Analysis

### a. Count III: Excessive Force and Physical Brutality

Excessive force claims under the Fourth Amendment are analyzed under a

reasonableness standard. *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989); *Shuman v.*

*Penn Manor School Dist.*, 422 F.3d 141 (3d Cir. 2005).

> In deciding whether challenged conduct constitutes excessive force, a court
> must determine the objective reasonableness of the challenged conduct,
> considering the severity of the crime at issue, whether the suspect poses an
> immediate threat to the safety of the officer or others, and whether he is
> actively resisting arrest or attempting to evade arrest by flight. Other factors
> include the duration of the [officer's] action, whether the action takes place in
> the context of effecting an arrest, the possibility that the suspect may be
> armed, and the number of persons with whom the police officers must
> contend at one time. . . . Thus, the court should not apply the 20/20 vision of
> hindsight, but should instead consider the perspective of a reasonable officer
> on the scene.

*Couden v. Duffy*, 446 F.3d 483, 496-97 (3d Cir. 2006) (internal citations and quotation

marks omitted).  The absence of physical injury or contact does not necessarily mean that

excessive force was not used. *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir.1997).

However, threats of arrest alone are insufficient to make out an "excessive force" claim

under the Fourth Amendment. *Shuey v. Schwab*, No. 3:08-CV-1190, 2010 WL 479938, *4

(M.D. Pa. Feb. 4, 2010). When making a claim of excessive force, if the physical force used

is not excessive, then merely adding verbal threats cannot convert it into an unconstitutional

use of excessive force. *Hudson v. Goob*, 2009 WL 789924, *12 (W.D.Pa.2009) (citations

omitted).

This excessive force claim was brought by Plaintiff Periera only. For the purposes of

deciding this motion, the Court will adopt Plaintiff's assertions as true. Even so, the facts as

Periera has alleged are insufficient to warrant relief. In his deposition, Periera claimed that

Defendants threatened to "lock [him] up" if he did not open the door to Dias's house.[1]

(Periera Dep., Doc. 58, Ex. B, 50:24-25; 51:25-52:1). Before allegedly breaking into Dias's

house, the threats of arrest were the only force Plaintiff says Defendants used against him.

After gaining entry to the house, Plaintiff then claims that Defendant Allen twice backed him

into a corner while Defendant Lizzio searched the house. While Plaintiff was cornered,

Defendant placed his left hand on Plaintiff's chest, right hand on top of his gun, and stated,

"Don't move." (*Id.* at 54:19-55:3; 56:13-57:10). The alleged threats of arrest plus Allen's

actions inside the house, even if true, are insufficient to support a claim of excessive

physical force, especially considering that Periera was allowed to walk around freely when

not backed into the corners. (*Id.* at 54:14-16; 55:21-56:7). Assuming the truth of Periera's

statements identified above with respect to his treatment at the hands of Defendants, there

---

[1] Under Pennsylvania law, wildlife conservation officers are vested with police powers when acting within the scope of their employment. 34 PA. CONS. STAT. ANN. § 901(a) (West Supp. 2011); 58 PA. CODE § 131.6 (2007).

is simply nothing arising to the "physical brutality" alleged in the Amended Complaint, so the Court will grant summary judgment on this count in favor of Defendants.

### b. Count VI: Failure to Intervene

Both Periera and Dias claim that each Defendant failed to intervene in connection with the actions of the other under the unlawful seizure (II) and malicious prosecution (IV) counts, brought by Dias only, and the excessive force (III) count, brought by Periera only.

Periera alleges that both Lizzio and Allen should have prevented the other from using excessive force against him.  (Am. Comp., Doc. 16, ¶ 67).  A "police officer has a duty to take reasonable steps to protect a victim from another officer's use of excessive force, even if the excessive force is employed by a superior. . . . However, an officer is only liable if there is a realistic and reasonable opportunity to intervene." *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002); *see also Baker v. Monroe Twp.*, 50 F.3d 1186, 1193 (3d Cir. 1995) (in finding that a police officer who was the senior officer involved in executing a warrant could be liable in a suit under § 1983 even though he did not personally use excessive force, nor direct anyone else to do so, the Court stated "there [was] sufficient evidence to permit an inference that [the officer] knew of and acquiesced in the treatment the [plaintiffs] were receiving at the hands of the other officers acting under his supervision.").

Because the Court finds summary judgment on Count III is warranted in favor of Defendants, the Court grants the motion with respect to the excessive force count (III) of

6

Periera but denies the motion with respect to Count VI (failure to intervene) in connection with the unlawful seizure (II) and malicious prosecution (IV) counts of Dias.

### c. Count VII: Conspiracy

Periera's and Dias's Amended Complaint lists Count VII as a conspiracy claim under § 1983. In Defendants' Brief in Support (Doc. 57), though, Defendants move for summary judgment on the federal civil rights conspiracy statute (§ 1985). Plaintiffs respond in kind to this misplaced § 1985 argument. The parties have not briefed the issue of a conspiracy claim under § 1983, so the Court will deny Defendants' motion with respect to Plaintiff Dias. Nevertheless, for the reasons set forth below (see Section IV.f infra), the Court will grant the motion with respect to Plaintiff Periera because he will have no other remaining causes of action in this case and no action for conspiracy can exist independently.

### d. Count VIII: Pennsylvania Constitutional Law violation

"To date, neither Pennsylvania statutory authority nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution." Dillon v. Homeowner's Select, 957 A.2d 772, 780 n.11 (Pa. Super. Ct. 2008); see also Bell v. Twp. of Concord, 759 F. Supp. 2d 621, 630 (E.D. Pa. 2011). In their Brief in Opposition (Doc. 59 at 12), Plaintiffs concede that monetary damages are not available on a violation of the Pennsylvania constitution, and state they do not oppose Defendants' summary judgment motion on this count. The Court will therefore grant Defendants summary judgment on Count VIII.

### e. Counts IX and X: Intentional and Negligent Infliction of Emotional Distress

For Plaintiffs to prevail on a claim for intentional infliction of emotional distress, they

must show that Defendants acted with "intentional outrageous or extreme conduct" which

caused them severe emotional distress. *Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa. Super.

Ct. 2005). "Outrageous or extreme conduct has been defined by the appellate courts of this

Commonwealth as conduct that is so outrageous in character, so extreme in degree, as to

go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

intolerable in civilized society." *Id.* (internal quotation marks omitted). "With regard to the

element of outrageousness, it is for the court to determine in the first instance whether the

defendant's conduct may reasonably be regarded as so extreme and outrageous to permit

recovery." *Id.* at 1231.

> Cases which have found a sufficient basis for a cause of action of intentional
> infliction of emotional distress have . . . presented only the most egregious
> conduct. *See[,] e.g., Papieves v. Lawrence*, 263 A.2d 118 (Pa. 1970)
> (defendant, after striking and killing plaintiff's son with automobile, and after
> failing to notify authorities or seek medical assistance, buried body in a field
> where discovered two months later and returned to parents (recognizing but
> not adopting section 46)); *Banyas v. Lower Bucks Hospital*, 437 A.2d 1236
> (Pa. Super. Ct. 1981) (defendants intentionally fabricated records to suggest
> that plaintiff had killed a third party which led to plaintiff being indicted for
> homicide); *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3d
> Cir.1979) (defendant's team physician released to press information that
> plaintiff was suffering from fatal disease, when physician knew such
> information was false).

*Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998). Furthermore, a plaintiff must demonstrate

physical injury or harm to sustain a cause of action for intentional infliction of emotional

distress. *Fewell v. Besner*, 664 A.2d 577, 582 (Pa. Super. Ct. 1995) (citing *Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988, 995 (Pa. 1987) ("Those truly damaged should have little difficulty in procuring reliable testimony as to the nature and extent of their injuries. . . . [A]t the very least, existence of the alleged emotional distress must be supported by competent medical evidence.")); *Crivellaro v. Pennsylvania Power and Light Co.*, 491 A.2d 207 (Pa. Super. Ct. 1985) (finding that symptoms of depression, nightmares, anxiety requiring psychological treatment, and ... ongoing mental, physical and emotional harm sufficiently stated physical manifestations of emotional suffering to sustain a cause of action).

Here, even accepting all of Periera's allegations as true, in light of the cases in which Pennsylvania courts have found a cause of action under this tort, Defendants' conduct was not so outrageous or beyond all possible bounds of decency as to be regarded as atrocious. Based on Periera's statements, at most, Defendants were overzealous in acting beyond the scope of their authority, but they did not cross the boundary into extreme and outrageous conduct. Furthermore, Plaintiff Dias has not submitted any evidence of physical or emotional disturbance, by way of deposition, affidavit, or otherwise.

A plaintiff asserting a claim for negligent infliction of emotional distress in Pennsylvania must establish at least one of the following four elements: (1) that the defendant had a contractual or fiduciary duty toward him, (2) that plaintiff suffered a physical impact, (3) that plaintiff was in a "zone of danger" and at risk of an immediate physical

9

injury, or (4) that plaintiff had a contemporaneous perception of tortious injury to a close relative. *Doe v. Phila. Cmty. Health Alternatives AIDS Task Force*, 745 A.2d 25, 27 (Pa. Super. Ct. 2000). Because Periera and Dias fall under none of these categories, they do not have a cause of action under this count. The Court thus grants Defendants summary judgment on Counts IX and X.

### f.   Plaintiff Periera

For the reasons that follow, Plaintiff Periera must be dismissed as a party to this case. As stated before, Judge Vanaskie previously dismissed Counts I and V brought by both Periera and Dias. In disposing of the current motion, the Court is dismissing Counts III (excessive force) and VI (failure to intervene on excessive force) brought by Periera only and Counts VIII (state constitutional violations), IX (intentional infliction of emotional distress), and X (negligent infliction of emotional distress) brought by both Periera and Dias. Therefore, the only count left to Periera is Count VII (conspiracy under § 1983).

However, § 1983 is not an independent source of substantive rights, but "provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). "§ 1983 does not provide a cause of action *per se* for conspiracy to deprive one of a constitutional right. Without an actual deprivation, there can be no liability under § 1983." *Holt Cargo Sys. Inc., v. Delaware River Port Auth.,* 20 F. Supp. 2d 803, 843 (E.D. Pa. 1998). Because Periera's only remaining claim is Count VII for a conspiracy to deprive him of his constitutional rights, and

10

because a conspiracy count cannot stand alone under § 1983 as a cause of action, the Court will grant Defendants' motion for summary judgment with respect to Periera on the conspiracy count  (VII) and will dismiss Periera as a party from the case.

### g.  Plaintiff Dias

Because the Court previously dismissed Counts I and V and it is now dismissing Counts VIII, IX, and X, the remaining Counts pertaining to Plaintiff Dias are II (unlawful seizure), IV (malicious prosecution), VI (failure to intervene on unlawful seizure and malicious prosecution), and VII (conspiracy under § 1983).

## V.  **Conclusion**

The Court grants Defendants summary judgment on Counts III (excessive force) and VI (failure to intervene on excessive force claim), brought by Periera only, and grants summary judgment on Counts VIII (state constitutional violation), IX (intentional infliction of emotional distress), and X (negligent infliction of emotional distress) brought by both Periera and Dias.  The Court denies summary judgment on Counts VI (failure to intervene on unlawful arrest and malicious prosecution) and VII (conspiracy) as to Dias.  Because Periera has no causes of action remaining other than Count VII (conspiracy), and a conspiracy claim cannot exist independently of a separate constitutional deprivation, the Court grants summary judgment on Count VII with respect to Periera and dismisses him from the case.

Thus, the remaining Defendants are Allen and Lizzio, and the remaining counts are II (unlawful seizure), IV (malicious prosecution), VI (failure to intervene under unlawful seizure and malicious prosecution counts), and VII (conspiracy), all pertaining to Plaintiff Dias.

Robert D. Mariani
United States District Judge

12